UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BOUSLIMI HOLDINGS, INC. dba MARATHON/FOOD CENTER, a corporation, and<br>IMED BOUSLIMI, an individual,<br><br>Defendants. | Case No. 8:25-cv-2432<br><br>COMPLAINT FOR PERMANENT INJUNCTION |

Plaintiff, the United States of America, by and through its undersigned counsel, on behalf of the United States Food and Drug Administration ("FDA"), for its Complaint alleges as follows:

## NATURE OF THE CASE

1. Defendants Bouslimi Holdings, Inc. dba Marathon/Food Center ("Marathon") and its president and registered agent Defendant Imed Bouslimi (collectively, "Defendants"), receive and sell electronic nicotine delivery system ("ENDS") products, including those marketed as containing flavors such as "Hawaiian Punch" and "White Strawberry Ice". On June 13, 2023, FDA previously warned Defendant Marathon that it was unlawfully offering for sale adulterated and misbranded ENDS products in violation of the Federal Food, Drug, and Cosmetic Act

("the Act"), 21 U.S.C. §§ 301-399i. In addition, on September 22, 2023, FDA initiated a civil money penalty ("CMP") action against Defendant Marathon for a subsequent violation of the Act for unlawfully selling adulterated and misbranded ENDS products. Because Defendants have continued to receive and sell unlawful ENDS products, Plaintiff brings this action to enjoin Defendants' misconduct.

2. This statutory injunction proceeding is brought under the Act, 21 U.S.C. § 332(a), to permanently enjoin Defendants from receiving in interstate commerce ENDS products, which are tobacco products within the meaning of 21 U.S.C. § 321(rr), that are adulterated and misbranded, and delivering or proffering for delivery such tobacco products for pay or otherwise, in violation of 21 U.S.C. § 331(c).

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the subject matter and all parties to this action under 21 U.S.C. § 332(a), as well as 28 U.S.C. §§ 1331, 1337, and 1345, because this case involves claims arising under federal laws regulating commerce and is commenced by the United States of America as Plaintiff.

4. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c), because Defendants transact business in Hillsborough County within this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

**DEFENDANTS**

5. Defendant Marathon is a Florida corporation located at 3101 West Columbus Drive, Tampa, Florida (hereinafter, the "establishment"), within the

jurisdiction of this Court. Defendants conduct their ENDS product sales from the establishment.

6. Defendant Imed Bouslimi is the president and registered agent of Bouslimi Holdings Inc. dba Marathon/Food Center and the most responsible person at the firm.

**LEGAL FRAMEWORK**

7. The Act defines a "tobacco product" as including "any product made or derived from tobacco, or containing nicotine from any source, that is intended for human consumption, including any component, part, or accessory of a tobacco product." 21 U.S.C. § 321(rr).

8. A "tobacco product" within the meaning of the Act is generally subject to the requirements of Subchapter IX of Chapter 9 to Title 21 of the United States Code. *See* 21 U.S.C. § 387a(b) (providing that Subchapter IX shall apply to "all cigarettes, cigarette tobacco, roll-your-own tobacco, and smokeless tobacco and to any other tobacco products that [FDA] by regulation deems to be subject to this subchapter."); *see also* 81 Fed. Reg. 28974, 28975-76 (May 10, 2016) (deeming all products meeting the definition of "tobacco product" at 21 U.S.C. § 321(rr), except accessories of such newly deemed products, to be subject to Subchapter IX).

9. ENDS products generally meet the definition of "tobacco product" at 21 U.S.C. § 321(rr) and include: "devices, components, and/or parts that deliver aerosolized e-liquid when inhaled." FDA, *Guidance for Industry: Enforcement Priorities for Electronic Nicotine Delivery Systems (ENDS) and Other Deemed Products on the Market*

*Without Premarket Authorization (Revised)\** (Apr. 2020), at 9-10, https://go.usa.gov/xuvn5. E-liquids "are a type of ENDS product and generally refer to liquid nicotine and nicotine-containing e-liquids (*i.e.,* liquid nicotine combined with colorings, flavorings, and/or other ingredients)." *Id.*

10. The Act also defines "new tobacco product" to include "any tobacco product . . . that was not commercially marketed in the United States as of February 15, 2007." 21 U.S.C. § 387j(a)(1). Under 21 U.S.C. § 387j(a)(2), a manufacturer is required to obtain premarket review of new tobacco products and obtain FDA's marketing authorization.

11. Depending on the tobacco product, a manufacturer may receive FDA marketing authorization through one of three pathways.

   a. First, the manufacturer may submit a premarket tobacco product application ("PMTA") under 21 U.S.C. § 387j. For a PMTA, FDA issues a marketing granted order ("MGO") permitting marketing of the new tobacco product upon finding, among other things, that the product is appropriate for the protection of the public health. *See* 21 U.S.C. § 387j(c).

   b. Second, a manufacturer may submit a substantial equivalence ("SE") report under 21 U.S.C. § 387j(a)(2)(A)(i). For an SE report, FDA issues an SE order permitting marketing of the new tobacco product under upon determining, among other things, that the product is substantially equivalent to a tobacco product commercially marketed in the U.S. as of February 15, 2007, or a tobacco product

marketed after that date but which FDA previously determined to be substantially equivalent. *See* 21 U.S.C. § 387e(j).

        c.     Third, a manufacturer may submit an exemption request submitted under 21 C.F.R. § 1107.1 and a report under 21 U.S.C. § 387e(j)(1) ("abbreviated report"). FDA reviews those submissions and, upon an appropriate showing, may issue a "found-exempt" order. *See* 21 U.S.C. § 387e(j)(3)(A).

12.    A new tobacco product is required by 21 U.S.C. § 387j(a) to have premarket review unless it has an SE order or found-exempt order in effect. 21 U.S.C. § 387j(a)(2)(A).

13.    A new tobacco product that is required by 21 U.S.C. § 387j(a) to have premarket review and does not have an MGO in effect under 21 U.S.C. § 387j(c)(1)(A)(i) is adulterated under 21 U.S.C. § 387b(6)(A).

14.    A new tobacco product for which a "notice or other information respecting it was not provided as required" under the SE or exemption pathway, including an SE report or an abbreviated report, is misbranded under 21 U.S.C. § 387c(a)(6).

## DEFENDANTS' UNLAWFUL CONDUCT

15.    Defendants receive ENDS products in interstate commerce which are then delivered or proffered for delivery to their customers.

16.    Defendants in turn sell ENDS products.

17. Among other ENDS products, Defendants have received and sold ENDS products branded under the names RAZ, Geek Bar, HQD, and Lost Mary. The packaging of these products indicate that they are manufactured in China.

18. The ENDS products can be purchased by customers at the Marathon/Food Center establishment.

19. The ENDS products sold at Defendants' establishment are "tobacco products" under 21 U.S.C. § 321(rr). Among other things, the ENDS products sold at Defendants' establishment are made or derived from tobacco, or contain nicotine from any source, and are intended for human consumption.

20. The ENDS products sold at Defendants' establishment were not commercially marketed in the United States as of February 15, 2007, so they are "new tobacco products" under 21 U.S.C. § 387j(a)(1).

21. As new tobacco products, the ENDS products sold at Defendants' establishment must receive approval from FDA to be lawfully marketed, through either (1) the PMTA pathway, (2) the SE pathway, or (3) the exemption pathway.

22. The ENDS products sold at Defendants' establishment do not have an SE order or found-exempt order in effect, so they are required by 21 U.S.C. § 387j(a)(2)(A) to have premarket review.

23. The ENDS products sold at Defendants' establishment do not have an MGO in effect under 21 U.S.C. § 387j(c)(1)(A)(i), so they are adulterated under 21 U.S.C. § 387b(6)(A).

24. Additionally, neither an SE report nor an abbreviated report has been submitted for the ENDS products sold at Defendants' establishment. Accordingly, the ENDS products sold at Defendants' establishment are also misbranded under 21 U.S.C. § 387c(a)(6).

## DEFENDANTS' HISTORY OF MISCONDUCT

25. FDA has warned Defendants about their misconduct and explained that continued violations could lead to enforcement action, including an injunction, and previously instituted a CMP action against Defendant Marathon for its violative conduct.

26. Following an inspection on May 3, 2023, FDA sent Defendant Marathon a Warning Letter dated June 13, 2023, which explained, among other things, that certain ENDS products that Defendant Marathon was offering for sale were adulterated and misbranded tobacco products under the Act.

27. The FDA's Warning Letter referenced Elfbar Sakura Grape and Elfbar Miami Mint ENDS products and stated "[y]ou should take prompt action to address the violation listed above," and "[t]he violation indicated in this letter may not be a complete list of violations at the establishment."

28. In its June 30, 2023, response to the Warning Letter, Defendants stated that they will no longer carry the ENDS products identified in the Warning Letter.

29. FDA replied by letter dated August 10, 2023, that Defendants' response was inadequate because they "did not provide an adequate plan for correcting the listed violations and preventing future violations," and "[r]etailers may not sell any

new tobacco products that lack the required marketing authorization." FDA also reminded Defendants of their "continuing obligation to ensure that [its] establishment is in compliance with the FD&C Act and its implementing regulations."

30. On September 22, 2024, FDA initiated a $19,192 CMP action against Defendant Marathon alleging that during an inspection of Defendants' establishment on August 26, 2023, Defendant Marathon was found to be selling unauthorized ENDS products that were adulterated and misbranded, including Elfbar Tropical Rainbow Blast ENDS products, in violation of the Act.

31. Defendant Marathon did not file a timely answer to the CMP complaint, and an order of default judgment was entered on December 21, 2023, which Defendant Marathon never paid.

32. On August 13, 2025, investigators from the Bureau of Alcohol, Tobacco, Firearms, and Explosives returned to Defendants' establishment. Their inspection revealed that Defendants have continued to receive and offer for sale adulterated and misbranded ENDS products. Specifically, an undercover purchase conducted at Defendants' establishment revealed that Defendants have received and offered for sale RAZ, Geek Bar, HQD, and Lost Mary ENDS products, the retail packaging of which indicates the ENDS products were manufactured in China.

## ONGOING VIOLATIONS

33. Despite prior warnings and notifications from FDA, including a previous CMP action, Defendants have not brought themselves into compliance with the Act.

34. Unless restrained by this Court, Defendants are likely to continue to violate the Act in the manner set forth above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment against Defendants and in favor of the Plaintiff for violations of the Act as alleged in this Complaint;

B. Permanently restrain and enjoin, under 21 U.S.C. § 332(a), Defendants, and each and all of their directors, officers, agents, representatives, employees, attorneys, successors, assigns, and any and all persons in active concert or participation with any of them, from receiving in interstate commerce ENDS products, which are tobacco products within the meaning of 21 U.S.C. § 321(rr), that are adulterated and misbranded, and delivering or proffering for delivery such tobacco products for pay or otherwise, in violation of 21 U.S.C. § 331(c).

C. Order that FDA be authorized pursuant to this injunction to inspect Defendants' places of business, and all records relating to the sale of Defendants' ENDS products, to ensure continuing compliance with the terms of the injunction, with the costs of such inspections to be borne by Defendants at the rates prevailing at the time the inspections are accomplished;

D. Award Plaintiff its costs incurred in pursuing this action, including the costs of investigation to date, and

E. Award such other equitable relief as the Court deems just and proper.

DATED: September 10, 2025

GREGORY W. KEHOE
United States Attorney

LACY R. HARWELL, JR.
Assistant U.S. Attorney
Fla. Bar No. 714623
Office of the U.S. Attorney, MDFL
400 N. Tampa St., Suite 3200
Tampa FL  33602
Tele. 813 274-6000
Email: Randy.Harwell@usdoj.gov

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

SARMAD M. KHOJASTEH
Acting Deputy Assistant Attorney
General

LISA K. HSIAO
Acting Director
Consumer Protection Branch

/s/ Roger J. Gural
ROGER J. GURAL
Senior Trial Attorney
Georgia Bar No. 300800
U.S. Department of Justice
450 Fifth Street, N.W.
Washington, DC 20044
Tel: 202-307-0174
Roger.Gural@usdoj.gov

*Attorneys for Plaintiff*
*United States of America*

ROBERT FOX FOSTER
Acting General Counsel
Chief Counsel for Foods, Research,
and Drugs
U.S. Department of Health and
Human Services

SEAN R. KEVENEY
Chief Counsel
Food and Drug Administration

SHANNON M. SINGLETON
Deputy Chief Counsel, Litigation

SARAH ROSENBERG
Associate Chief Counsel
Office of the Chief Counsel
U.S. Food and Drug Administration
10903 New Hampshire Ave.
White Oak 31
Silver Spring, MD 20993-0002

*Of Counsel*